960 F.2d 149
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard HARDIN, Plaintiff-Appellant,
v.
Dewey SOWDERS, Warden; John Wigginton; Cabinet for
Corrections, Defendants,
George W. Noe, M.D.; Steve Berry, Defendants-Appellees.
 No. 91-6459.
 United States Court of Appeals, Sixth Circuit.
 April 16, 1992.
 
 Before KEITH and MILBURN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Richard Hardin, a pro se Kentucky prisoner, appeals from the order of the district court dismissing his cause of action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Hardin alleged that he suffers from Post Traumatic Stress Disorder as a result of experiences of the Vietnam War and that his constitutional rights, most particularly under the Eighth Amendment, have been violated as the result of the conditions of his confinement.
 
 
 3
 Upon review, we find no error. Prison authorities may be sued for deliberate indifference to the serious medical needs of a prisoner under the Eighth Amendment as such indifference constitutes the "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 104 (1976). However, if the case involves a difference of opinion between the prisoner and the doctor regarding a diagnosis or course of treatment, no claim is stated. Id. at 107.
 
 
 4
 The defendants were not deliberately indifferent to Hardin's medical needs. The record reflects a difference of medical opinion concerning Hardin's malady. Whether he suffered, or is presently suffering from PTSD, however, is of no consequence. The record clearly reveals a constant and conscientious attempt to treat him. In fact, Hardin reveals in his complaint (paragraph # 20 at page 4) that defendant Dr. Noe prescribed different medications and that when one medication failed to provide positive results, Dr. Noe gave him a different medication that "litterely [sic] wiped [him] out" which prompted the § 1983 complaint.
 
 
 5
 Hardin can show no genuine issue of material fact and defendants are entitled to judgment as a matter of law. See Canderm Pharmacal, Ltd., v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). Accordingly, the order of the district court is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.